UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marcus Antonio Frierson, # 247864, | ) | C/A No.: 4:09-692-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| B. Hankins (Ofc); Saver (Ofc); | ) | |
| Davis (Cpl); Judy Rabon (RN); | ) | Report and Recommendation |
| Silimon (Contraban Ofc); Ms. Sermen (LPN); | ) | |
| P. James (Ofc); Yvonne McDonald (RN.HCA); | ) | |
| P. Buterbaugh (Ofc); Vita Dinkins (LPN); | ) | |
| Acc. Warden J.J. Brooks; Ms. Whitney (Mail Room); | ) | |
| Ms. Simon (Mail Room); Ms. Jinkins (LT.); | ) | |
| Ms. Scott (LPN); Ms. Heather Gill (RN); | ) | |
| Ms. C. Dixon (LPN); Ms. D. Wiggens, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Marcus Antonio Frierson, filed this action on March 23, 2009, alleging various claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed a motion for summary judgment on November 5, 2009, and defendants filed a response in opposition on December 11, 2009.

On December 30, 2009, defendants filed a motion for summary judgment along with a memorandum, affidavits and exhibits. The undersigned issued an order filed January 8, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff has not filed a response.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

In the complaint, plaintiff alleges that defendants violated his constitutional rights while he was housed at Lee Correctional Institution (LCI). The notice of change of address filed by the plaintiff informed the court that he is located at Perry Correctional Institution. Plaintiff alleges an interference with his legal mail, failure to provide him with legal materials, medical indifference, failure to provide food, and failure to process his grievances while at LCI between January 2009, and March 2009.

Defendants filed a motion for summary judgment asserting that none of the defendants can be held liable under 42 U.S.C. §1983 on a respondeat superior basis so that any supervisory defendants should be dismissed from this action, the complaint fails to state a claim, the complaint should be dismissed for failure to exhaust his administrative remedies, plaintiff is not entitled to injunctive relief, and defendants are entitled to Eleventh Amendment immunity, and qualified immunity.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function

is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis. Defendants submitted the affidavit of Mary Coleman who attests that she is employed by the SCDC as Branch Chief, Inmate Grievance Branch. (Doc. #49-3). Coleman asserts that plaintiff is currently housed at Perry Correctional Institution. (Id.). She reviewed his grievance file for grievances concerning incidents in January, February and March 2009 regarding legal mail, legal materials, medical care, and nutrition. (Id.). Coleman attests that the grievances are being handled pursuant to SCDC policy and procedure and that plaintiff has been notified of their status. Plaintiff has not exhausted his administrative remedies before filing this action. (Id.).

Plaintiff has not responded to this motion for summary judgment. However, a review of his complaint reveals he asserts that he forwarded complaints to IGC C. Miller about the problems with his mail but the complaints were sent back unprocessed. Plaintiff asserts that he wrote staff requests and had staff prepare reports. In his federal complaint form, plaintiff states that he filed grievances and cites to two grievance numbers Lee CI #3010-08 and #3425-08 but states they were not processed.

Attached to plaintiff's motion for summary judgment were some Step One Grievance Forms. As alleged in the complaint, plaintiff filed a Step One Grievance with grievance number Lee CI #3010–08 which was noted as being received on October 8, 2008, complaining about medical regarding his blood pressure checks. The action taken by IGC was that they reviewed the grievance, medical documentation and conferred with appropriate staff and attached the Warden's response which was as follows:

4

> I have reviewed your grievance along with pertinent documentation. This review revealed on 9/26/08 that you voiced understanding that your blood pressure was to be checked three (3) times the coming week. There is no record or doctors order requiring your blood pressure checked daily. Nurse Rabon informed you that the blood pressure checks were completed according to the doctor's order and are no longer necessary. This is why you were not seen on 10/3/08. Medical decisions are not within my purview, therefore I must rely on medical staff to evaluate medical complaints and provide adequate treatment. Based on this review, it appears you are receiving adequate medical services in accordance with Health Services Policies.
>
> If you are not satisfied with SCDC medical services, you may seek outside medical services at your own expense according to Policy, HS-18.15, Levels of Care.
>
> Based on this information, I consider this matter resolved. If you are not satisfied with my decision, you may appeal to the appropriate responsible official within five (5) days of receipt, via the Institutional Grievance Coordinator.

(Doc.#44-3).

Also as alleged in the complaint, plaintiff filed a Step one Grievance listed as Lee CI# 3425-08. Plaintiff submitted this Step One Grievance which was received on November 18, 2008, Lee CI #3425-08, complaining that medical staff refused to see him even though he had a "OTR" from the doctor. On November 18, 2008, the action taken by IGC was that the grievance was being returned unprocessed as plaintiff exceeded the appropriate time frame to file the grievance as Policy requires that the grievance be filed within 15 days from the date of the occurrence/incident.

Plaintiff listed three other dates in his complaint on which he alleges he filed grievances, "10/5/09/ 11/12/09/ 2/21/09," but does not list any further grievance numbers.[2] (Complaint). However, plaintiff attached several grievance forms to his motion for summary judgment which will be discussed below.

---

[2] It is noted that plaintiff filed this action on March 23, 2009. Therefore, the dates of February 21, 2009, November 12, 2009, and October 5, 2009, could not have been exhausted prior to filing this action. Therefore, the time period for exhaustion would not have concluded prior to plaintiff filing this action and these claims should be dismissed.

Plaintiff filed a Step One Grievance received on January 26, 2009, Lee CI#0205-09, complaining about his mail not being mailed out. On January 26, 2009, the action taken by the IGC notes that the grievance was "being returned unprocessed because it is vague" and informing plaintiff that he had to have a specific incident, submit dates/times, and details in order to properly investigate. (Doc. #44-3).

Plaintiff submitted a copy of Step One Grievance received February 2, 2009, Lee CI #0284-09, complaining that the mailroom sent back his legal mail on January 25, 2009. The action taken by the IGC on February 2, 2009, states that the grievance was being returned unprocessed because "your informal resolution is insufficient." (Doc. #44-3). Plaintiff was also informed that since the issue concerned the Lee CI mailroom staff, "a sufficient informal resolution would be to address the issues with the Program Associate Warden, A.W. Brooks to attempt an informal resolution." (Id.). Plaintiff was further informed as follows: "Additionally, based on your grievance as stated above, the mailroom responses in accordance with policies/procedures by requiring legal verification of initiating or responding to an active case. Also, the attorney of record must be verified. You are provided five (5) days to correct this grievance if the issues are not resolved by a SUFFICIENT informal resolution, then you may file a New Step 1 in accordance with policy (GA-01.12) and return along with this grievance copy for verification. If the New Step 1 is not received within five (5) days of receiving a response to your request for an informal resolution this grievance will close." (Id.). Plaintiff has not presented evidence that he refiled this grievance within the time period given.

Plaintiff filed a Step One Grievance that was received on March 9, 2009, Lee CI #0689-09, concerning mail being returned. The action taken by IGC on March 27, 2009, was that the grievance was being returned unprocessed due to insufficient informal resolution. As previously noted,

plaintiff filed this action on March 23, 2009. Therefore, the time period for exhaustion would not have concluded prior to plaintiff filing this action.

In summary, plaintiff submitted Step One Grievances with regard to his mail and medical. However, there is no evidence that plaintiff appealed any of these decisions by filing a Step Two Grievance. Furthermore, there is no evidence that plaintiff filed any grievances with respect to defendants not providing him with food. Additionally, in his complaint, plaintiff alleged dates that he filed Grievances and submitted some Step One Grievance forms that he submitted which could not have been exhausted prior to filing this action on March 23, 2009. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir.2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. Plaintiff submitted several "Request to Staff Member" forms but these are not grievance forms that comply with the exhaustion requirement. Thus, these will not be discussed herein.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first

exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, plaintiff has failed to show that he exhausted his administrative remedies before filing this action. In the complaint, plaintiff alleges that he forwarded "complaints" to the IGC but states they were returned unprocessed but does not assert that he re-filed them or appealed said decisions. Further, based on the evidence submitted by plaintiff, the plaintiff filed several Step One Grievances that were returned unprocessed for different reasons as set out above, or the Step One Grievances were denied. Plaintiff has not asserted nor shown that he completed the grievance process by correctly and timely refiling the Step One Grievances or by appealing the decision and filing a Step Two Grievance. Therefore, it is recommended that defendants' motion for summary judgment (doc. #49) be granted for failure to exhaust administrative remedies.

### III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the defendants' motion for summary judgment (doc. #49 ) be GRANTED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for summary judgment (doc.#44) be DENIED and any other outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 26, 2010
Florence, South Carolina

The parties' attention is directed to the important notice on the next page.